United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3363

Jack E. McCoy,                  *

                               *

   Appellant,          *   Appeal from the United States

                               *   District Court for the Southern

   v.                   *   District of Iowa.

                               *

American Federation of Labor and   *      [Unpublished]

Congress of Industrial Organizations,  *

and AFL-CIO Retirement Plan,     *

Employer Identification Number    *

52-6044583,                 *

                               *

   Appellees.          *

_____

Submitted:  May 21, 1997

Filed:  July 23, 1997

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

     Jack E. McCoy asserted a number of causes of action against the defendant
union in his complaint, but appeals only from the trial court's order entering judgment
against him on his claim that the union discriminated against him on account of his age
in refusing to transfer him to another job, in violation of 29 U.S.C. §§ 621-634 and

Iowa Code Ann. §§ 216.1-216.20. The trial court, after a full bench trial, found that Mr. McCoy had not made out a prima facie case because he had not proved that he was qualified for the position to which he requested a transfer. See Clements v. General Accident Ins. Co., 821 F.2d 489, 491 (8th Cir. 1987). After a review of the record, we cannot say that the trial court clearly erred in reaching this factual conclusion.

Mr. McCoy contends that we ought to review this record de novo, rather than for clear error, because the trial judge who rendered judgment did not preside during the first part of the trial and did not, therefore, have an opportunity to judge the demeanor of the witnesses. We reject this contention. First of all, Mr. McCoy does not direct our attention to any decided case that supports his novel argument, and we know of none. Second, Mr. McCoy consented to the procedure that was employed in this case. Most importantly, perhaps, the rule that Mr. McCoy urges us to adopt might well undermine the utility of agreements between parties to a lawsuit allowing a trial court to decide a case on the basis of a written record, including depositions and affidavits, a result to which we would not like to contribute.

We therefore affirm the judgment of the trial court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.